```
Ramiro Morales - 167947
William C. Reeves - 183878
MORALES FIERRO & REEVES
1440 Maria Lane, Suite 200
Walnut Creek, CA 94596
Telephone: 925/288-1776
Facsimile: 925/288-1856
E-mail: lawoffice@mfrlegal.com

Attorneys for Plaintiff
Kinsale Ins. Co.
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINSALE INSURANCE COMPANY, | Case No.: '23CV0079 DMS DEB |
| Plaintiff, | COMPLAINT |
| v. | |
| BENCHMARK INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff Kinsale Insurance Company ("Plaintiff") alleges as follows:

1. At all relevant times herein, Plaintiff was and is an Arkansas corporation with its principal place of business in Virginia.

2. On information and belief, defendant Benchmark Insurance Company ("Benchmark") was and is a Kansas corporation with its principal place of business in Minnesota.

3. The acts and/or omissions at issue in this litigation took place in this judicial district. Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

4. Meanwhile, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are diverse and the amount at issue excess the jurisdictional minimum per statute.

General Allegations

5. Benchmark issued non-party Indigo Construction Corp. ("ICC") commercial general liability insurance policies in effect between 2016 and 2018 ("Benchmark Policies") which generally afforded coverage for damages because of "property damage" caused by an "occurrence" in which the damage occurred during the policy period and coverage was not otherwise excluded and/or barred with the term "property damage" generally defined as physical injury to tangible property and "occurrence" generally defined as an accident.

6. ICC was named as a defendant in a matter styled *T.B. Penick & Sons, Inc. v. Advantage Contracting*, San Diego Superior Court Case No.: 37-2019-00063432-CU-BC-CTL ("Underlying Matter") in which allegations were made of physical injury to a parking garage generally referred to as the Frances Parker School Parking Structure and Dining Hall ("Project").

7. In response to a tender, Benchmark originally agreed to provide a defense to ICC in connection with the Underlying Matter. Benchmark subsequently changed positions and denied coverage, contending that coverage for ICC in connection with the Underlying Matter was excluded and barred.

8. Kinsale is a co-insurer for ICC that also issued one or more commercial general liability insurance policies generally affording coverage for damage resulting from "property damage" caused by an occurrence in which coverage was not otherwise excluded and/or barred. In response to a tender, Kinsale agreed to provide a defense to ICC in connection with the Underlying Matter subject to a reservation of rights. Kinsale subsequently agreed to fund a settlement on behalf of ICC.

CAUSE OF ACTION NO. 1 - Declaratory Relief
As Against All Defendants

9. Plaintiff incorporates by reference the allegations in all of the preceding paragraphs.

10. Plaintiff is informed and believes and on that basis alleges that Defendant owed a duty to defend ICC in connection with the Underlying Matter.

11. On information and belief, Defendant disputes this position.

12. By reason of the foregoing, an actual controversy exists between the parties, requiring a declaratory judgment of this Court.

13. A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties and obligations.

Wherefore Plaintiff prays for relief as set forth below.

## CAUSE OF ACTION NO. 2 - Equitable Contribution
### As Against All Defendants

14. Plaintiff incorporates by reference the allegations in all of the preceding paragraphs.

15. Defendant has an obligation to contribute, on an equitable basis, towards the sums Plaintiff incurred in connection with the Underlying Matter.

16. Defendant has failed to contribute their fair and equitable share toward the settlement.

17. Defendant is obligated under the principals of equity to reimburse Plaintiff for the sum it paid toward the settlement in excess of its equitable share.

Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## CAUSE OF ACTION NO. 3 - Equitable Indemnity
### As Against All Defendants

18. Plaintiff incorporates by reference the allegations in all of the preceding paragraphs.

19. Defendant has not paid its equitable share of the sums Plaintiff incurred in the Underlying Matter.

20. Plaintiff is entitled to reimbursement from Defendants of all sums Plaintiff has paid in excess of its equitable share in connection with the Underlying

Matter.

21.  Defendant is obligated under the principals of equity to indemnify Plaintiff for the fees and costs that it has inequitably incurred in connection with the Underlying Matter.

Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## CAUSE OF ACTION NO. 4 - Subrogation
## As Against All Defendants

22.  Plaintiff incorporates by reference the allegations in all of the preceding paragraphs.

23.  Pursuant to the terms, conditions, exclusions and endorsements of the Policy, Defendants had a duty to defend Defendants in the Underlying Matter.

24.  Defendant has not paid its equitable share sums incurred in connection with the Underlying Matter.  Therefore, Defendant owes amounts to Plaintiff to reimburse it for sums incurred in connection with the Underlying Matter.

25.  Plaintiff is subrogated both by law and pursuant to the terms of the policy it issued with respect to Defendant's failure to defend ICC in connection with the Underlying Matter.

26.  As a result of the sums it incurred, Plaintiff has the equitable right to subrogation and/or reimbursement from Defendants.

27.  As a result of the breach of Defendant's legal and equitable duties, Plaintiff has sustained injury in an amount according to proof at trial.

## Prayer

1.  For a declaration and determination regarding whether Defendants owed a duty to defend ICC in connection with the Underlying Matter.

2.  For monetary damages;

3.  For interest; and

///

COMPLAINT

4. For all other relief the Court deems just and proper.

Dated: January 11, 2023

                                                        MORALES FIERRO & REEVES

                         By:  /s/ William C. Reeves
                             William C. Reeves
                             Attorneys for Plaintiff

COMPLAINT